**Derek A. Soinski (SBN 293747)**
**REDWOOD LAW GROUP, APC**
11440 W. Bernardo Ct., Ste. 300
San Diego, California 92127
Phone: 858-533-1889
E-Mail: derek@redwoodlawgroup.com

Attorney for Plaintiff
BRENDA K. KRUSE

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENDA K. KRUSE, an individual, <br><br> Plaintiff, <br><br> v. <br><br> FORD MOTOR COMPANY, a Delaware Corporation, and <br><br> JAYCO, INC., an Indiana Corporation, <br><br> Defendants. | Case No.: 3:23-cv-01332-WQH-KSC <br><br> FIRST AMENDED COMPLAINT FOR VIOLATIONS OF: <br> (1) CAL. CIV. CODE § 1793.2 (D) (SONG BEVERLY CONSUMER WARRANTY ACT); <br> (2) VIOLATION OF CAL. CIV. CODE § 1793.2 (B) (SONG BEVERLY CONSUMER WARRANTY ACT); <br> (3) VIOLATION OF CAL. CIV. CODE § 1793.2 (A)(3) (SONG BEVERLY CONSUMER WARRANTY ACT); <br> (4) VIOLATION OF CAL CIV. CODE § 1791.2(A) & § 1794 (SONG BEVERLY CONSUMER WARRANTY ACT); <br> (5) VIOLATION OF CAL CIV. CODE § 1791.1 & § 1794 (SONG BEVERLY CONSUMER WARRANTY ACT); <br> (6) VIOLATIONS OF 15 U.S.C. §§ 2301(6) AND 2310(D)(1) AND (2) (MAGNUSON-MOSS WARRANTY ACT); AND <br> (7) VIOLATIONS OF 15 U.S.C. §§ 2301(7) AND 2310(D)(1) AND (2) (MAGNUSON-MOSS WARRANTY ACT) <br><br> JURY TRIAL DEMANDED |

## COMPLAINT FOR DAMAGES

### INTRODUCTION

1. BRENDA K. KRUSE (hereinafter referred to as "**Plaintiff**"), by and through her Counsel of record, brings this action against FORD MOTOR COMPANY (hereinafter referred to as "**FORD**") and against JAYCO, INC. (hereinafter referred to as "**JAYCO**" and together with FORD, "**Defendants**") pertaining to actions by Defendants in violation of California's Song Beverly Consumer Warranty Act, and in violation of the Federal Magnuson-Moss Warranty Act.

2. Plaintiff makes the allegations contained herein on information and belief, except as to those allegations regarding herself, which are made on personal knowledge.

### JURISDICTION AND VENUE

3. This Court has jurisdiction over Defendants, pursuant to 28 U.S.C. § 1331, as the unlawful practices alleged herein involve a federal question under 15 U.S.C. § 2301 et. seq. ("**Magnuson-Moss Warranty Act**").

4. This action is based in part on Defendants' violations of 15 U.S.C. §2301 *et. seq.,* therefore this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over all of Plaintiff's other California claims because said claims are so related to the federal claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

5. Venue is proper in this Court, pursuant to 28 U.S.C. § 1391(b)(1)-(2), because some of the unlawful practices and violations of law alleged herein occurred in the County of San Diego, California.  Furthermore, Defendants regularly conduct business within State of California, County of San Diego.

## PARTIES

6. Plaintiff is, and was at all times mentioned herein, a natural person residing in Temecula, California.
7. Plaintiff is a "buyer" of consumer goods under Cal. Civ. C. § 1791(b).
8. Plaintiff is a "consumer" as defined in 15 U.S.C. § 2301(3).
9. FORD is a foreign Corporation created under the laws of the State of Delaware.  FORD is an American multinational automaker that has its main headquarters in Dearborn, Michigan.  FORD's primary business purpose is the manufacture and sale of automobiles.  FORD regularly conducts business and has sufficient contacts such that personal jurisdiction exists over FORD within the Southern District of California.
10. JAYCO is a foreign Corporation created under the laws of the State of Indiana.  JAYCO is an American multinational manufacturer of recreational vehicles that has its main headquarters in Middlebury, Indiana.  JAYCO's primary business purpose is the manufacture and sale of recreational vehicles, including under its subsidiary brand name Entegra Coach. JAYCO regularly conducts business and has sufficient contacts such that personal jurisdiction exists over JAYCO within the Southern District of California.
11. Defendants are "manufacturers" and/or a "distributors" as that term is defined under the Song-Beverly Act.
12. Defendants are entities engaged in the business of manufacturing, distributing, or selling consumer goods at retail.
13. Defendants are a "Supplier" and a "Warrantor" as that term is defined under 15 U.S.C. §§ 2301(4), and (5).

## GENERAL ALLEGATIONS

14. Plaintiff incorporates by reference and realleges Paragraphs 1-13 above as if fully stated herein.

15. The claims identified in this Complaint arise out of the purchase and sale of a recreational vehicle from Richardson's RV Centers, Inc., located in Menifee, California. Richardson's RV Centers is now occupied by Camping World RV Sales, which has dealerships throughout California, including within the County of San Diego, State of California.

16. On or about January 6, 2021, Plaintiff purchased a new 2021 Entegra Vision XL with Vehicle Identification Number ("**VIN**") 1F66F5DN3L0A09875 (the "**Vehicle**") which was manufactured, distributed, or sold by Defendants. The total consideration Plaintiff paid or agreed to pay, including taxes and fees was $242,382.40.

17. Entegra Coach is a brand offering by JAYCO.

18. The Vehicle was manufactured by Defendants and Defendants provided an express warranty in connection with the sale of the Vehicle. In the express warranty, Defendants undertook to preserve or maintain the utility or performance of the Vehicle or to provide compensation if there was a failure in utility or performance for a specified period of time. The express warranty provided, in relevant part, that in the event a defect developed with the Vehicle during the warranty period, Plaintiff could deliver the Vehicle for repair services to an authorized dealership, and the Vehicle would be repaired by Defendants or one of its designated agents.

19. The Vehicle was purchased and used primarily for personal, family, or household purposes.

20. Essentially immediately after Plaintiff purchased the Vehicle, it began exhibiting signs of significant mechanical defects.

21. Less than 700 miles and just two-weeks after delivery, the Vehicle literally began falling apart. This includes flooring pieces coming off, the shower detaching from the wall, and including but not limited to the wheel well

hanging down and dragging on the tires. Eventually, the entire coach began separating from the Vehicle's chassis.

22. Additionally, several other important components of the Vehicle are defective including the improperly cooled and overheating generator, which was so hot that it caused metal brackets inside the coach to heat up and burn Plaintiff's foot, the Vehicle emitting a harsh squeal from the front dash, wind whistling and leakage from the windows, defective air conditioner which failed while Plaintiff was in high temperatures with her grandchildren, improper glue which leaked all over the coach, the slide ripping the baseboards, and additional leaks from the roof of the Vehicle.

23. Plaintiff delivered the Vehicle to Defendants' agent for repair on at least twelve (12) separate occasions.

24. In fact, the Vehicle was inoperable and in for repair over six (6) months of just the first one (1) year Plaintiff owned the Vehicle.

25. Accordingly, during the warranty period, the Vehicle contained or developed various defects indicating that the Vehicle was sold with defective systems including but not limited to defective building quality and workmanship, chassis, air conditioning and braking systems, safety systems, and interior components, rendering the Vehicle wholly inoperable. Plaintiff cannot safely rely on the Vehicle for normal operation.

26. Plaintiff continually voiced her many concerns to Defendants and demanded Defendants repurchase the Vehicle.

27. As of the date of this Complaint, the Vehicle remains significantly defective and unsafe to operate; and Defendants have refused to repurchase the Vehicle.

28. Defendants' breach of warranty is willful.

29. Moreover, as the Vehicle was intended to be used by Plaintiff and her family, she spent significant amounts of money in preventative care and upgrades, a

financial determent to Plaintiff that she would not have suffered but for Defendants' willful breach of warranty.

## CAUSES OF ACTION

## I.

## FIRST CAUSE OF ACTION

## VIOLATION OF CAL. CIV. CODE § 1793.2(d)

## (SONG BEVERLY CONSUMER WARRANTY ACT)

## (AGAINST ALL DEFENDANTS)

30. Plaintiff incorporates paragraph 1-29 by reference as though fully set forth herein.

31. On or about January 23, 2021, Plaintiff delivered the Vehicle to Defendants and their representatives to repair the defects.

32. Defendants and their representatives have been unable to service or repair the Vehicle to conform to the applicable express warranty after a reasonable number of opportunities.

33. Defendants failed to promptly replace the Vehicle or make restitution to Plaintiff as required by Cal. Civ. Code § 1793.2(d) and Cal. Civ. Code §1793.1(a)(2).

34. Plaintiff has been damaged by Defendants' failure to comply with their obligations pursuant to Cal. Civ. Code § 1793.2(d) and Cal. Civ. Code §1793.1(a)(2), and brings this cause of action pursuant to Cal. Civ. Code § 1794.

35. Defendants' failure to comply with their obligations under Cal. Civ. Code § 1793.2(d) were willful in that Defendants and their representatives were aware that they were unable to service or repair the Vehicle to conform to the applicable express warranties after a reasonable number of repair attempts. Despite this, Defendants failed and/or refused to actually fully replace the Vehicle or make restitution.  Accordingly, Plaintiff is entitled to a civil

1  penalty of two times Plaintiff's actual damages pursuant to Cal. Civ. Code § 1794(c).

## II.

## SECOND CAUSE OF ACTION

## VIOLATION OF CAL. CIV. CODE § 1793.2(b)

## (SONG BEVERLY CONSUMER WARRANTY ACT)

## (AGAINST ALL DEFENDANTS)

36. Plaintiff incorporates paragraph 1-35 by reference as though fully set forth herein.

37. Although Plaintiff presented the Vehicle to Defendants' designated repair facility for service and repair, Defendants failed to commence the service or repairs within a reasonable time period, and failed to service or repair the Vehicle so as to conform to the applicable warranty within 30 days, pursuant to Cal. Civ. Code § 1793.2(b).

38. At no time did Plaintiff extend the time for completion of repairs beyond the 30-day requirement.

39. Plaintiff has been damaged by Defendants' failure to comply with their obligations pursuant to Cal. Civ. Code §1793.2(b), and thus Plaintiff has a statutory cause of action against Defendants pursuant to Cal. Civ. Code § 1794.

40. Accordingly, Plaintiff seeks the remedies provided in Cal. Civ. Code § 1794(b)(1), or alternatively, those set forth in Cal. Civ. Code § 1794(b)(2), including the diminution in the value of the Vehicle resulting from its defects. Through information and belief, Plaintiff believes that, at the present time, the Vehicle's value (due to the severity of defects referenced in this Complaint), is *de minimis*.

41. Defendants' failure to comply with their obligation under Cal. Civ. Code §1793.2(b) was willful, in that Defendants and their representatives were

aware that they were obligated to service or repair the Vehicle to conform to the applicable express warranties within 30 days, yet they failed to do so. Additionally, Plaintiff demanded in writing that Defendants repurchase the Vehicle, but Defendants refused.

42. Accordingly, Plaintiff is entitled to a civil penalty of two times Plaintiff's actual damages pursuant to Cal. Civ. Code § 1794(c).

## III.
## THIRD CAUSE OF ACTION
## VIOLATION OF CAL. CIV. CODE § 1793.2(a)(3)
## (SONG BEVERLY CONSUMER WARRANTY ACT)
## (AGAINST ALL DEFENDANTS)

43. Plaintiff incorporates paragraph 1-42 by reference as though fully set forth herein.

44. Defendants failed to make available to the authorized service and repair facilities, sufficient service literature and replacement parts to effect repairs during the express warranty period.

45. Plaintiff has been damaged by Defendants' failure to comply with their obligations pursuant to Cal. Civ. Code §1793.2(a)(3), and therefore brings this cause of action pursuant to Cal. Civ. Code § 1794.

46. Defendants' failure to comply with its obligations under Cal. Civ. Code § 1793.2(a)(3) was willful, in that Defendants knew of their obligation to provide literature and replacement parts sufficient to allow their designated repair facility, or other authorized repair facilities, to effect repairs during the warranty period, yet Defendants failed to take any action to correct its failure to comply with the law.  Accordingly, Plaintiff is entitled to a civil penalty of two times Plaintiff's actual damages pursuant to Cal. Civ. Code § 1794(c).

## IV.
## FOURTH CAUSE OF ACTION

**VIOLATION OF CAL CIV. CODE §§ 1791.2(a) & 1794**
**(SONG BEVERLY CONSUMER WARRANTY ACT)**
**(AGAINST ALL DEFENDANTS)**

47. Plaintiff incorporates paragraph 1-46 by reference as though fully set forth herein.

48. In accordance with Defendants' express warranties, Plaintiff delivered the Vehicle to Defendants' designated repair facility in reasonable time, which were Defendants' authorized representatives in to perform said warranty repairs on the Vehicle.

49. Each time Plaintiff delivered the Vehicle to the designated repair facilities, Plaintiff notified Defendants by and through their representatives of the characteristics of the defects. Despite this, Defendants by and through its authorized designated repair facilities failed to repair the Vehicle, thus breaching the terms of the written warranty.

50. Plaintiff has been damaged by Defendants' failure to comply with their obligations under the express warranty, and therefore brings this cause of action pursuant to Cal. Civ. Code § 1794.

51. Defendants' failure to comply with their obligations under the express warranty were willful, in that Defendants were aware that they were obligated to repair the defects, but they intentionally refused to do so and refused to repurchase the Vehicle.

52. Accordingly, Plaintiff is entitled to a civil penalty of two times Plaintiff's actual damages pursuant to Cal. Civ. Code § 1794(c).

**V.**

**FIFTH CAUSE OF ACTION**
**VIOLATION OF CAL CIV. CODE § 1791.1 & § 1794**
**(SONG BEVERLY CONSUMER WARRANTY ACT)**
**(AGAINST ALL DEFENDANTS)**

53. Plaintiff incorporates paragraph 1-52 by reference as though fully set forth herein.

54. Pursuant to Cal. Civ. Code § 1792, the sale of the Vehicle was accompanied by Defendants' implied warranty of merchantability. Pursuant to Cal Civ. Code §1791.1, the duration of the implied warranty is coextensive in duration with the duration of the express written warranty provided by Defendants, except that the duration is not to exceed one year.

55. Pursuant to Cal. Civ. Code § 1791.1(a), the implied warranty of merchantability means and includes that the Vehicle would comply with each of the following requirements: (1) The Vehicle would pass without objection in the trade under the contract description; (2) the Vehicle was fit for the ordinary purpose for which it was sold or used; (3) The Vehicle was adequately contained, packaged, and labeled; (4) The Vehicle would conform to the premises or affirmations of fact made on the container or label.

56. At the time of purchase, or within one year thereafter, the Vehicle contained or developed the defects described within this Complaint. The existence of each of these defects constitutes a breach of the implied warranty, because the Vehicle (1) did not pass without objection in the trade under the contract description; (2) was not fit for the ordinary purpose for which it was sold or used; (3) was not adequately contained, packaged, or labeled; and (4) did not conform to the promises or affirmations of fact made on the container or label.

57. Plaintiff has been damaged by Defendants' failure to comply with their obligations under the implied warranty, and therefore bring this Cause of Action pursuant to Cal. Civ. Code § 1794.

## VI.

## SIXTH CAUSE OF ACTION

## VIOLATIONS OF 15 U.S.C. §§ 2301(6) and 2310(d)(1) and (2)

**(MAGNUSON-MOSS WARRANTY ACT)**

**(AGAINST ALL DEFENDANTS)**

58. Plaintiff incorporates paragraph 1-57 by reference as though fully set forth herein.

59. The Vehicle is a "Consumer Product" as defined in 15 U.S.C. § 2301(1).

60. The express written warranty provided by Defendants is a "Written Warranty" as defined by 15 U.S.C. § 2301(6).

61. Plaintiff brought the Vehicle into an authorized dealership and/or agent of Defendants, which were designated to perform repairs on the Vehicle under the express warranty, but the Vehicle remains defective and unrepaired.

62. The above-described actions (failure to repair and/or properly repair the defects described herein), including failure to honor the written warranty, constitute a breach of the written warranty by Defendants under 15 U.S.C. §§ 2310(d)(1)&(2).

63. As a direct result of the omissions by Defendants, Plaintiff suffered monetary damages.

## VII.
## SEVENTH CAUSE OF ACTION
**VIOLATIONS OF 15 U.S.C. § 2301(7) & 15 U.S.C. §§ 2310(d)(1) & (2)**
**(MAGNUSON-MOSS WARRANTY ACT)**
**(AGAINST ALL DEFENDANTS)**

64. Plaintiff incorporates paragraph 1-63 by reference as though fully set forth herein.

65. The Vehicle is a "Consumer Product" as defined in 15 U.S.C. § 2301(1).

66. Plaintiff brought the Vehicle into an authorized dealership and/or agent of Defendants which were designated to perform repairs on the Vehicle under the express warranty, but the Vehicle still not been repaired.

67. The Vehicle was subject to an "implied warranty" as that term is defined in

15 U.S.C. § 2301(7) pursuant to Cal. Civ. Code § 1791.1, the Vehicle was subject to an implied warranty of merchantability.

68. The above-described actions (failure to repair and/or properly repair the defects described herein), constitute a breach of the implied warranty of merchantability pursuant to 15 U.S.C. §§2301(7) and (8).

69. The above-described actions (failure to repair and/or properly repair the defects described herein), including failure to honor the implied warranty of merchantability, make Defendants liable to Plaintiff under 15 U.S.C. §§ 2310(d)(1) and (2).

70. As a direct result of the omissions by Defendants, Plaintiff suffered monetary damages

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff having set forth the claims for relief against Defendants Ford Motor Company and Jayco, Inc. herein, respectfully requests this Court enter a Judgment against Defendants as follows:

(1) AS TO THE FIRST, SECOND, THIRD, FOURTH, AND FIFTH CAUSES OF ACTION:

a. Plaintiff is entitled to reimbursement of the price paid for the Vehicle;

b. Plaintiff is additionally entitled to all incidental, consequential, and general damages subject to proof at trial resulting from Defendants' failure to comply with their obligations under the Song-Beverly Act;

c. Plaintiff is additionally entitled to a sum equal to the aggregate amount of costs and expenses, including attorney's fees reasonably incurred in connection with the commencement and prosecution of this action, pursuant to the Song-Beverly Act; and

d. Plaintiff is additionally entitled to a civil penalty of to two times the amount of actual damages as Defendants have willfully failed to comply with their

1    obligations under the Song-Beverly Act.

2

3  (2) AS TO THE SIXTH AND SEVENTH CAUSES OF ACTION:

4  a.  A determination that acceptance of the Vehicle has been properly revoked by
5      Plaintiff and for damages incurred in revoking acceptance;
6  b.  A refund of the purchase price paid by Plaintiff for the Vehicle;
7  c.  Cancellation of Plaintiff's Original Purchase Agreement and payment in full
8      of the balance of same;
9  d.  Consequential, incidental, and actual damages subject to proof at trial; and
10 e.  Costs and expenses including actual attorneys' fees and costs reasonably
11     incurred.

12

13 (3) AS TO ANY JUDGMENT ENTERED HEREON
14 a.  For prejudgment and post judgment interest on all amounts awarded; and
15 b.  For such other and further relief as the Court may deem just and proper.

16 Dated:  August 1, 2023                REDWOOD LAW GROUP, APC

17

18                                       By: /s/ Derek Soinski
                                         Derek A. Soinski, Esq.
19                                       Attorney for Plaintiff
                                         BRENDA K. KRUSE
20                                       E-Mail: derek@redwoodlawgroup.com

## DEMAND FOR JURY TRIAL

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury on all issues triable by a jury.

Dated: August 1, 2023              REDWOOD LAW GROUP, APC

By: /s/ Derek Soinski
Derek A. Soinski, Esq.
Attorney for Plaintiff
BRENDA K. KRUSE
E-Mail: derek@redwoodlawgroup.com