Dolores E. Gonzales, Esq. (SBN: 171306)
BRAVO LAW GROUP, A.P.C.
4025 Camino Del Rio South, Suite 300
San Diego, CA 92108
Telephone: (858) 300-1900
Facsimile: (858) 300-1910
dolores.gonzales@bravolawgroup.com

Attorney for Defendant
JAYCO, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENDA A. KRUSE, an individual, | CASE NO.: 3:23-cv-01332-WQH-KSC |
| Plaintiff, | **JAYCO, INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT; AND DEMAND FOR JURY TRIAL** |
| v. | |
| FORD MOTOR COMPANY, a Delaware Corporation; and JAYCO, INC., an Indiana Corporation, | Complaint Filed:  07/20/23<br>1st Amended Complaint Filed: 08/01/23<br>Trial Date:  Not Yet Set |
| Defendants. | |

COMES NOW, Defendant JAYCO, INC. (hereinafter "JAYCO" or "Defendant"), and answering Plaintiff's First Amended Complaint for: (1) Violation of California *Civil Code* § 1793.2(d) - Song Beverly Consumer Warranty Act; (2) Violation of California *Civil Code* § 1793.2(b) - Song Beverly Consumer Warranty Act; (3) Violation of California *Civil Code* § 1793.2(a)(3) - Song Beverly Consumer Warranty Act; (4) Violation of California *Civil Code* §§ 1791.2(a) and 1794 - Song Beverly Consumer Warranty Act; (5) Violation of California *Civil Code* §§ 1791.1 & 1794 - Song Beverly Consumer Warranty Act; (6) Violation of 15 U.S.C. § 2301(6) and 15 U.S.C. §§ 2310(d)(1) and (2) - Magnuson-Moss Warranty Act; and (7) Violation of 15 U.S.C. § 2301(7) and 15 U.S.C. §§ 2310(d)(1) and (2) on file herein, admits, denies and alleges as follows:

**ANSWER TO FIRST AMENDED COMPLAINT FOR DAMAGES**

**INTRODUCTION**

1. Defendant denies the allegations contained in paragraph 1 of Plaintiff's First Amended Complaint.

2. Defendant has insufficient information to admit or deny the allegations contained in paragraph 2 of Plaintiff's First Amended Complaint, and, on that basis, denies all allegations, and each and every allegation, in this paragraph

**JURISDICTION AND VENUE**

3. Defendant admits the Court has jurisdiction over Defendants pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 2301, *et seq.*

4. Defendant admits this Court has supplemental jurisdiction pursuant to 28 U.S.C. 1367(a). Defendants denies the remaining allegations contained in paragraph 4 of Plaintiff's First Amended Complaint.

5. Defendant denies the allegations contained in paragraph 5 of Plaintiff's First Amended Complaint.

**PARTIES**

6. Defendant has insufficient information to admit or deny the allegations contained in paragraph 6 of Plaintiff's First Amended Complaint, and, on that basis, denies all allegations, and each and every allegation, in this paragraph.

7. Defendant has insufficient information to admit or deny the allegations contained in paragraph 7 of Plaintiff's First Amended Complaint, and, on that basis, denies all allegations, and each and every allegation, in this paragraph.

8. Defendant admits the allegations contained in paragraph 8 of Plaintiff's First Amended Complaint.

9. Defendant has insufficient information to admit or deny the allegations contained in paragraph 9 of Plaintiff's First Amended Complaint, and, on that basis, denies all allegations, and each and every allegation, in this paragraph.

///

10. Defendant admits that is an Indiana corporation with its primary business conducted in Middlebury, Indiana. Defendant admits that Entegra Coach is a division of Jayco. Defendant denies all remaining allegations contained in paragraph 10 of Plaintiff's First Amended Complaint.

11. Defendant admits it is a "manufacturer" as defined under the Song-Beverly Consumer Warranty Act. Defendant denies the remaining allegations contained in paragraph 11 of Plaintiff's First Amended Complaint.

12. Defendant admits it is engaged in the business of manufacturing consumer goods. Defendant denies the remaining allegations contained in paragraph 12 of Plaintiff's First Amended Complaint.

13. Defendant admits it is a "supplier" as defined under 15 U.S.C. I 2301(4). Defendant has insufficient information to admit or deny the remaining allegations contained in paragraph 13 of Plaintiff's First Amended Complaint, and, on that basis, denies all remaining allegations in this paragraph.

## GENERAL ALLEGATIONS

14. Defendant incorporates by reference paragraphs 1 through 13 of this Answer.

15. Defendant has insufficient information to admit or deny the allegations contained in paragraph 15 of Plaintiff's First Amended Complaint, and, on that basis, denies all allegations, and each and every allegation, in this paragraph

16. Defendant has insufficient information to admit or deny the allegations contained in paragraph 16 of Plaintiff's First Amended Complaint, and, on that basis, denies all remaining allegations in this paragraph.

17. Defendant admits Entegra is a division of Jayco.

18. Defendant admits a limited warranty accompanied the sale of the 2021 Entegra Vision XL, bearing vehicle identification number 1F66F5DN3L0A09875. Defendant denies the remaining allegations of paragraph 18 of Plaintiff's First Amended Complaint.

19. Defendant has insufficient information to admit or deny the allegations contained in paragraph 19 of Plaintiff's First Amended Complaint, and, on that basis, denies all allegations, and each and every allegation, in this paragraph.

20. Defendant has insufficient information to admit or deny the allegations contained in paragraph 20 of Plaintiff's First Amended Complaint, and, on that basis, denies all allegations, and each and every allegation, in this paragraph.

21. Defendant denies the allegations contained in paragraph 21 of Plaintiff's First Amended Complaint.

22. Defendant has insufficient information to admit or deny the allegations contained in paragraph 22 of Plaintiff's First Amended Complaint, and, on that basis, denies all allegations, and each and every allegation, in this paragraph.

23. Defendant has insufficient information to admit or deny the allegations contained in paragraph 23 of Plaintiff's First Amended Complaint, and, on that basis, denies all allegations, and each and every allegation, in this paragraph.

24. Defendant denies the allegations contained in paragraph 24 of Plaintiff's First Amended Complaint

25. Defendant denies the allegations contained in paragraph 25 of Plaintiff's First Amended Complaint.

26. Defendant has insufficient information to admit or deny the allegations contained in paragraph 26 of Plaintiff's First Amended Complaint, and, on that basis, denies all allegations, and each and every allegation, in this paragraph.

27. Defendant denies the allegations contained in paragraph 27 of Plaintiff's First Amended Complaint.

28. Defendant denies the allegations contained in paragraph 28 of Plaintiff's First Amended Complaint.

29. Defendant denies it willfully breached its limited warranty. Defendant has insufficient information to admit or deny the remaining allegations contained in paragraph 29 of Plaintiff's First Amended Complaint, and, on that basis, denies all

remaining allegations in this paragraph.

## CAUSES OF ACTION

### I. FIRST CAUSE OF ACTION - VIOLATION OF CALIFORNIA *CIVIL CODE* § 1793.2(d) (SONG BEVERLY CONSUMER WARRANTY ACT) (AGAINST ALL DEFENDANTS)

30. Defendant incorporates by reference paragraphs 1 through 29 of this Answer.

31. Defendant admits the subject vehicle was delivered to its authorized service facility on January 23, 2021 for repairs.

32. Defendant denies the allegations contained in paragraph 32 of Plaintiff's First Amended Complaint

33. Defendant denies the allegations contained in paragraph 33 of Plaintiff's First Amended Complaint.

34. Defendant denies the allegations contained in paragraph 34 of Plaintiff's First Amended Complaint.

35. Defendant denies the allegations contained in paragraph 35 of Plaintiff's First Amended Complaint.

### II. SECOND CAUSE OF ACTION - VIOLATION OF CALIFORNIA *CIVIL CODE* § 1793.2(b) (SONG BEVERLY CONSUMER WARRANTY ACT) (AGAINST ALL DEFENDANTS)

36. Defendant incorporates by reference paragraphs 1 through 35 of this Answer.

37. Defendant denies the allegations contained in paragraph 37 of Plaintiff's First Amended Complaint.

38. Defendant has insufficient information to admit or deny the allegations contained in paragraph 38 of Plaintiff's First Amended Complaint, and, on that basis, denies all allegations, and each and every allegation, in this paragraph.

39. Defendant denies the allegations contained in paragraph 39 of Plaintiff's First Amended Complaint.

40. Paragraph 40 is a statement indicating Plaintiff's intention to seek remedy of recession restitution and/or diminution in value and does not require a response from this Defendant. Defendant denies all remaining allegations contained in paragraph 40 of Plaintiff's First Amended Complaint.

41. Defendant denies the allegations contained in paragraph 41 of Plaintiff's First Amended Complaint.

42. Defendant denies the allegations contained in paragraph 42 of Plaintiff's First Amended Complaint.

### III. THIRD CAUSE OF ACTION - VIOLATION OF CALIFORNIA *CIVIL CODE* § 1793.2(a)(3) (SONG BEVERLY CONSUMER WARRANTY ACT)
### (AGAINST ALL DEFENDANTS)

43. Defendant incorporates by reference paragraphs 1 through 42 of this Answer.

44. Defendant denies the allegations contained in paragraph 44 of Plaintiff's First Amended Complaint.

45. Defendant denies the allegations contained in paragraph 45 of Plaintiff's First Amended Complaint.

46. Defendant denies the allegations contained in paragraph 46 of Plaintiff's First Amended Complaint.

### IV. FOURTH CAUSE OF ACTION - VIOLATION OF CALIFORNIA *CIVIL CODE* §§ 1791.2(a) AND 1794 (SONG BEVERLY CONSUMER WARRANTY ACT)
### (AGAINST ALL DEFENDANTS)

47. Defendant incorporates by reference paragraphs 1 through 46 of this Answer.

48. Defendant has insufficient information to admit or deny the allegations

contained in paragraph 48 of Plaintiff's First Amended Complaint, and, on that basis, denies all allegations, and each and every allegation, in this paragraph

49. Defendant denies the allegations contained in paragraph 49 of Plaintiff's First Amended Complaint.

50. Defendant denies the allegations contained in paragraph 50 of Plaintiff's First Amended Complaint.

51. Defendant denies the allegations contained in paragraph 51 of Plaintiff's First Amended Complaint.

52. Defendant denies the allegations contained in paragraph 52 of Plaintiff's First Amended Complaint.

## V. FIFTH CAUSE OF ACTION - VIOLATION OF CALIFORNIA *CIVIL CODE* §§ 1791.1 AND 1794 (SONG BEVERLY CONSUMER WARRANTY ACT)
### (AGAINST ALL DEFENDANTS)

53. Defendant incorporates by reference paragraphs 1 through 52 of this Answer.

54. Defendant admits the sale of the vehicle was accompanied by an implied warranty of merchantability.

55. Defendant admits the allegations contained in paragraph 55 of Plaintiff's First Amended Complaint.

56. Defendant denies the allegations contained in paragraph 56 of Plaintiff's First Amended Complaint.

57. Defendant denies the allegations contained in paragraph 57 of Plaintiff's First Amended Complaint.

///
///
///
///

## VI. SIXTH CAUSE OF ACTION - VIOLATION OF 15 U.S.C. § 2301(6) AND 15 U.S.C. §§ 2310(d)(1) AND (2) (MAGNUSON-MOSS WARRANTY ACT)
## (AGAINST ALL DEFENDANTS)

58. Defendant incorporates by reference paragraphs 1 through 57 of this Answer.

59. Defendant admits the allegations contained in paragraph 59 of Plaintiff's First Amended Complaint.

60. Defendant issued a limited warranty. Defendant denies the remaining allegations of paragraph 60 of Plaintiff's First Amended Complaint.

61. Defendant denies the allegations contained in paragraph 61 of Plaintiff's First Amended Complaint.

62. Defendant denies the allegations contained in paragraph 62 of Plaintiff's First Amended Complaint.

63. Defendant denies the allegations contained in paragraph 63 of Plaintiff's First Amended Complaint.

## VII. SEVENTH CAUSE OF ACTION - VIOLATION OF 15 U.S.C. § 2301(7) AND 15 U.S.C. §§ 2310(d)(1) AND (2) (MAGNUSON-MOSS WARRANTY ACT)
## (AGAINST ALL DEFENDANTS)

64. Defendant incorporates by reference paragraphs 1 through 63 of this Answer.

65. Defendant admits the allegations contained in paragraph 65 of Plaintiff's First Amended Complaint.

66. Defendant denies the allegations contained in paragraph 66 of Plaintiff's First Amended Complaint.

67. Defendant admits the allegations contained in paragraph 67 of Plaintiff's First Amended Complaint.

///

68. Defendant denies the allegations contained in paragraph 68 of Plaintiff's First Amended Complaint.

69. Defendant denies the allegations contained in paragraph 69 of Plaintiff's First Amended Complaint.

70. Defendant denies the allegations contained in paragraph 70 of Plaintiff's First Amended Complaint.

## **PRAYER FOR RELIEF**

**(1) AS TO THE FIRST, SECOND, THIRD, FOURTH AND FIFTH CAUSES OF ACTION:**

a. Defendant denies Plaintiff is entitled to the damages sought in paragraph (a.) of Plaintiff's First Amended Complaint as it relates to the First, Second, Third, Fourth and Fifth Causes of Action.

b. Defendant denies Plaintiff is entitled to the damages sought in paragraph (b.) of Plaintiff's First Amended Complaint as it relates to the First, Second, Third, Fourth and Fifth Causes of Action.

c. Defendant denies Plaintiff is entitled to the damages sought in paragraph (c.) of Plaintiff's First Amended Complaint as it relates to the First, Second, Third, Fourth and Fifth Causes of Action.

d. Defendant denies Plaintiff is entitled to the damages sought in paragraph (d.) of Plaintiff's First Amended Complaint as it relates to the First, Second, Third, Fourth and Fifth Causes of Action.

**(2) AS TO THE SIXTH AND SEVENTH CAUSES OF ACTION:**

a. Defendant denies Plaintiff is entitled to the damages sought in paragraph (a.) of Plaintiff's First Amended Complaint as it relates to the Sixth and Seventh Causes of Action.

b. Defendant denies Plaintiff is entitled to the damages sought in paragraph (b.) of Plaintiff's First Amended Complaint as it relates to the Sixth and Seventh Causes of Action.

c. Defendant denies Plaintiff is entitled to the damages sought in paragraph (c.) of Plaintiff's First Amended Complaint as it relates to the Sixth and Seventh Causes of Action.

d. Defendant denies Plaintiff is entitled to the damages sought in paragraph (d.) of Plaintiff's First Amended Complaint as it relates to the Sixth and Seventh Causes of Action.

e. Defendant denies Plaintiff is entitled to the damages sought in paragraph (e.) of Plaintiff's First Amended Complaint as it relates to the Sixth and Seventh Causes of Action.

**(3) AS TO ANY JUDGMENT ENTERED HEREON:**

a. Defendant denies Plaintiff is entitled to the damages sought in paragraph (a.) of Plaintiff's First Amended Complaint as it relates to any Judgment Entered Hereon.

b. Defendant denies Plaintiff is entitled to the damages sought in paragraph (b.) of Plaintiff's First Amended Complaint as it relates to any Judgment Entered Hereon.

## DEMAND FOR JURY TRIAL

Plaintiff's demand for a jury trial paragraph is a statement of Plaintiff's intent to demand a trial by jury and does not require a response from this Defendant.

## AFFIRMATIVE DEFENSES

### FOR A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE

71. Defendant alleges that the First Amended Complaint fails to state facts sufficient to constitute any cause of action against it, including specifically but not limited to, causes of action under the Song-Beverly Consumer Warranty Act, California *Civil Code* §§ 1790, *et seq.*

### FOR A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE

72. Defendant alleges that the First Amended Complaint fails to state facts sufficient to constitute any cause of action against it, including specifically but not

limited to, causes of action under the Magnuson-Moss Warranty Act.

## FOR A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE

73. Defendant is informed and believes and thereon alleges that the damages complained of by Plaintiff, if any there actually are, said damages being expressly denied by this answering Defendant, were proximately caused by the active negligence and/or other fault of Plaintiff and/or firms, persons, corporations, or entities other than this answering Defendant, and that said negligence and/or fault comparatively reduces the percentage of any negligence and/or fault attributable to this Defendant or bars this action, if it should be found that this answering Defendant was negligent or otherwise at fault, which this answering Defendant expressly denies.

## FOR A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE

74. Defendant is informed and believes and upon such information and belief alleges that at all times, places, and dates relevant to the First Amended Complaint, if any risk was attendant upon the activities of Plaintiff, which this answering Defendant denies, then said Plaintiff knew full well of such risk and voluntarily and without compulsion or coercion encountered such risk.

## FOR A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE

75. Defendant is informed and believes and upon such information and belief alleges that the First Amended Complaint is barred by the provisions of the applicable statutes of limitations including, but not limited to, California *Code of Civil Procedure* §§ 337, 338, 339, 340 and 343, as well as California *Civil Code* § 1783 and California *Commercial Code* § 2725.

## FOR A SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE

76. Defendant is informed and believes and upon such information and belief alleges that parties both served and unserved, named, and unnamed, are in some manner or percentage responsible for Plaintiff's injuries or damages, if any, and Defendant requires an order from the trier of fact setting forth the percentage of fault of each and every party, named and unnamed, served, and unserved, hereto.

**FOR A SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE**

77. Defendant is informed and believes and upon such information and belief alleges that the entire First Amended Complaint is barred by reason of the fact that Plaintiff, upon being fully informed of the acts or events of which she now complains, ratified, and affirmed all conduct with respect to the acts and events and that Plaintiff has therefore, waived any cause of action and is barred from asserting any such causes of action by the doctrines of waiver and estoppel.

**FOR AN EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE**

78. Defendant is informed and believes and upon such information and belief alleges that Plaintiff is barred from any recovery in this action in that she willingly and voluntarily consented, both expressly and impliedly, to any such conduct or act as may be shown on the part of this answering Defendant.

**FOR A NINTH, SEPARATE AND AFFIRMATIVE DEFENSE**

79. Defendant is informed and believes and upon such information and belief alleges that Plaintiff, with actual and constructive knowledge of the facts alleged in the First Amended Complaint, was under a duty to mitigate her damages, if any, and Plaintiff has failed to fulfill said duties; as a consequence, this answering Defendant alleges that all damages alleged are the sole and/or proximate result of the failure of Plaintiff to mitigate her damages, if any.

**FOR A TENTH, SEPARATE AND AFFIRMATIVE DEFENSE**

80. Defendant is informed and believes and upon such information and belief alleges that Plaintiff, with full knowledge of the facts set forth in Plaintiff's First Amended Complaint and of the facts giving rise to this action, delayed in filing, and serving the First Amended Complaint on this answering Defendant, to Defendant's damage, and that said First Amended Complaint is barred by the doctrine of laches.

**FOR AN ELEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE**

81. Defendant is informed and believes and thereon alleges that the First Amended Complaint in this matter is barred by the doctrines of collateral estoppel and

res judicata, as well as by pre-existing agreements, assignments and/or releases.

**FOR A TWELFTH, SEPARATE AND AFFIRMATIVE DEFENSE**

82. Defendant is informed and believes and thereon alleges that all relevant times, the claimed defective condition, if any, was open, obvious and Plaintiff knew or in the exercise of reasonable care should have known of it and taken measures to avoid/correct it.

**FOR A THIRTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE**

83. Defendant is informed and believes and thereon alleges that in light of all relevant factors, on balance, the benefits of the design in question outweigh the risk of danger, if any, inherent in said design.

**FOR A FOURTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE**

84. Defendant is informed and believes and thereon alleges that the claimed injuries and damages, if any, were as a result of misuse of the product in question.

**FOR A FIFTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE**

85. Defendant is informed and believes and thereon alleges that this action was brought against Defendant without a reasonable, good-faith belief in the merits of the action and, accordingly, Defendant is entitled to its defense costs as defined in and provided by California *Code of Civil Procedure* § 1038 and case law interpreting said section.

**FOR A SIXTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE**

86. Defendant is informed and believes and thereon alleges that the named Plaintiff herein lacks standing to proceed with this First Amended Complaint and/or any causes of action set forth therein.

**FOR A SEVENTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE**

87. Defendant is informed and believes and thereon alleges that the named Plaintiff is barred from seeking recovery in this matter by the doctrine of Accord and Satisfaction.

///

**FOR AN EIGHTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE**

88. Defendant is informed and believes and thereon alleges that Defendant has not been given a reasonable opportunity to cure the defects, if any.

**FOR A NINETEENTH, SEPARATE AND AFFIRMATIVE DEFENSE**

89. Defendant is informed and believes and thereon alleges that the defects, if any, did not substantially impair the use, value, or safety of the product in question.

**FOR A TWENTIETH, SEPARATE AND AFFIRMATIVE DEFENSE**

90. Defendant is informed and believes and thereon alleges that the First Amended Complaint fails to state sufficient facts to justify the imposition of a civil penalty under the Song-Beverly Consumer Warranty Act found at California *Civil Code* §1790, *et seq.*

**FOR A TWENTY-FIRST SEPARATE AND AFFIRMATIVE DEFENSE**

91. Defendant is informed and believes and thereon alleges that the First Amended Complaint fails to state sufficient facts to justify the imposition of a civil penalty under the Magnuson-Moss Consumer Warranty Act.

**FOR A TWENTY-SECOND, SEPARATE AND AFFIRMATIVE DEFENSE**

92. Defendant is informed and believes and thereon alleges that the named Plaintiff failed to comply with the provisions of California *Civil Code* § 1790, *et seq.*, the Song-Beverly Consumer Warranty Act, and, therefore, is not entitled to any remedies provided therein.

**FOR A TWENTY-THIRD, SEPARATE AND AFFIRMATIVE DEFENSE**

93. Defendant is informed and believes and thereon alleges that the named Plaintiff failed to comply with the provisions of the Magnuson-Moss Consumer Warranty Act, and, therefore, is not entitled to any remedies provided therein.

**FOR A TWENTY-FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE**

94. Defendant alleges that it has not been given reasonable notice of defects, if any, as required by 15 U.S.C. § 2310(e), thus, barring Plaintiff's causes of action under the Magnuson-Moss Federal Warranty Act.

**FOR A TWENTY-FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE**

95. Defendant alleges that it has not been given reasonable opportunity to cure the defects, if any, as required by 15 U.S.C. § 2310(e), thus, barring Plaintiff's causes of action under the Magnuson-Moss Federal Warranty Act.

**FOR A TWENTY-SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE**

96. Defendant is informed and believes and thereon alleges that Plaintiff, by her actions, prevented Defendant from repairing and/or otherwise servicing the product which is the subject of the First Amended Complaint thereby precluding Defendant from discharging its statutory and contractual duties toward Plaintiff, if any.

**FOR A TWENTY-SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE**

97. Defendant is informed and believes and thereon alleges that any express or implied warranties with respect to the merchantability, suitability, fitness for purpose, or otherwise concerning the product in question have been expressly disclaimed.

**FOR A TWENTY-EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE**

98. Defendant alleges that Plaintiff is barred from proceeding with said causes of action for failure to provide the requisite notice to Defendant regarding her warranty claims.

**FOR A TWENTY-NINTH, SEPARATE AND AFFIRMATIVE DEFENSE**

99. Defendant alleges that all of Plaintiff's causes of action are barred because Plaintiff and/or her agents had the opportunity to and did fully inspect the product in question and approved the condition of the product.

**FOR A THIRTIETH, SEPARATE AND AFFIRMATIVE DEFENSE**

100. Defendant alleges that Plaintiff could have, by the exercise of reasonable diligence, limited or prevented her damages, if any, as a result of the alleged wrongful acts set forth in the First Amended Complaint and that she has failed or refused to do so. Such failure or refusal on the part of Plaintiff constitutes a failure to mitigate her damages.

///

**FOR A THIRTY-FIRST, SEPARATE AND AFFIRMATIVE DEFENSE**

101.  Defendant alleges that the component parts which are alleged to have been defective were not expressly warranted by this responding Defendant. Therefore, Plaintiff is barred from seeking express warranty damages against this responding Defendant.

**FOR A THIRTY-SECOND, SEPARATE AND AFFIRMATIVE DEFENSE**

102.  Defendant alleges that due to Plaintiff's continued use of the subject vehicle, Plaintiff has waived her rights to seek restitution or rescission-type damages against Defendant as a matter of law.

**FOR A THIRTY-THIRD, SEPARATE AND AFFIRMATIVE DEFENSE**

103.  Defendant is informed and believes and thereon alleges that no express warranty, as defined by California *Civil Code* § 1791.2, was given to the Plaintiff. Any statements or representations made by this answering Defendant were expressions of general policy concerning customer satisfaction and not subject to any limitation and hence did not create an express warranty.

**FOR A THIRTY-FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE**

104.  Pursuant to the forum selection clause in the documents governing the transaction at issue, venue for this matter is proper only in the Courts in Indiana.

**FOR A THIRTY-FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE**

105.  This responding Defendant reserves the right to raise additional affirmative defenses at time of trial.

**PRAYER**

106.  WHEREFORE, Defendant prays for judgment herein, for Defendant's costs of suit incurred, including but not limited to, reasonable attorneys' fees, and for such other and further relief as the court may deem just and proper.

///

///

///

## **DEMAND FOR JURY TRIAL**

107.   Pursuant to *Federal Rules of Civil Procedure*, Rule 38, JAYCO hereby demands trial by jury in this action.

                                                BRAVO LAW GROUP, A.P.C.

Dated:  August 16, 2023            By:  *[signature]*
                                                  Dolores E. Gonzales, Esq.
                                                  Attorney for Defendant
                                                  JAYCO, INC.

| UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF CALIFORNIA | FOR COURT USE ONLY |
|---|---|
| TITLE OF CASE (Abbreviated)<br>***Kruse v. Ford Motor Company, et al.*** | |
| ATTORNEY(S) NAME AND ADDRESS       TELEPHONE<br>Dolores E. Gonzales, Esq. (SBN: 171306)   (858) 300-1900<br>**BRAVO LAW GROUP, A.P.C.**   FAX: (858) 300-1910<br>4025 Camino Del Rio South, Suite 300<br>San Diego, California 92108 | |
| ATTORNEY(S) FOR:<br>Defendant JAYCO, INC. | HEARING: DATE-TIME-DEPT | CASE NUMBER<br>3:23-cv-01332-WQH-KSC |

### DECLARATION OF SERVICE

I, the undersigned, declare:

I am, and was at the time of service of the papers herein referred to, over the age of 18 years, and not a party to this action. My business address is 4025 Camino Del Rio South, Suite 300, San Diego, California 92108.

I served the following document(s):

**JAYCO, INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT; AND DEMAND FOR JURY TRIAL**

on the parties in this action addressed as follows:

Derek A. Soinski, Esq.                        Attorney for PLAINTIFF
REDWOOD LAW GROUP, APC
11440 West Bernardo Court, Suite 300
San Diego, CA 92127
derek@redwoodlawgroup.com

__X__ **BY ELECTRONIC FILING**: By attaching a true copy of the above-entitled document(s) to the E-Filing System of the United States District Court, Southern District of California on August 16, 2023. The file transmission was reported as complete and a copy of the Filing Receipt page will be maintained with the original document(s) in our office.

_____ **BY E-MAIL**: I caused to be transmitted via electronic mail to the e-mail address as identified above, a true copy of the above-described document(s) on August 16, 2023.

_____ **BY MAIL**: I placed a true copy in a sealed envelope addressed as indicated above, on August 16, 2023. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct and that this declaration was executed on August 16, 2023, at San Diego, California.

_____
**DOLORES E. GONZALES**